HARRIS, Justice.
The issue in this case is whether an Offer of Judgment, sent by mail, was subject to the five mailing day provision of Fla. R. Civ. P. 1.090(e) so that the offeree had 35 days from the mailing of the offer in which to respond. If the rule did apply, the response date fell after the commencement of the trial and the Offer of Judgment was ineffective to warrant the imposition of attorney’s fees and costs.
In our case, the offer was sent by mail in August 1996, and the trial commenced 34 days after mailing. The trial court ruled that since the offeree was not provided all the time permitted by section 768.79 as supplemented by Rule 1.090(e) to respond, the assessment of attorney’s fees and costs, because the judgment was at least 25% less than the offer, was not authorized. We agree.
We concur with the trial court that at the time of its ruling the rule should be read in conjunction with the statute and that the offerer, by electing to make the offer by mail, should have posted it sufficiently before the commencement of trial in order to provide the offeree his full 35 days to respond. Since the offer was untimely, it was ineffective to subject the offeree to the statute’s penalty. This result is consistent with amended Rule 1.442(f) which, although not in effect as of the date of the court’s ruling, is nevertheless persuasive. Even though the amended rule now makes the five days extension inapplicable, it specifically requires that to be effective the offer must be served at least 45 days before trial. Thus, even if the amended rule had been in effect at the time of the court’s ruling, the result would be the same.
AFFIRMED.
COBB and PETERSON, JJ., concur.